Mr. Merrill L. Hartman Chairman Court Reporters Certification Board P.O. Box 13131 Austin, Texas 78711-3131
Re: Whether section 52.021(e) of the Government Code applies to a Texas resident and related questions (RQ-2158)
Dear Mr. Hartman:
You ask about the effect of a recent amendment to chapter 52 of the Government Code. [Hereinafter, all references are to the Government Code unless otherwise indicated.] Chapter 52 provides for the Court Reporters Certification Board and governs the certification of shorthand reporters. The board administers the shorthand reporters certification examination and determines the qualifications and eligibility of applicants for certification. Gov't Code § 52.013(a). Eligible applicants are recommended by the board to the Texas Supreme Court for certification by the court. Id. § 52.021.
Only those persons certified as shorthand reporters by the court may be appointed as official court reporters or permitted to engage in shorthand reporting. Id. § 52.021(a), (b). Shorthand reporting is defined by section 52.001 as
 the practice of shorthand reporting for use in litigation in the courts of this state by making a verbatim record of an oral court proceeding, deposition, or proceeding before a grand jury, referee, or court commissioner using written symbols in shorthand, machine shorthand, or oral stenography.
Id. § 52.001(5). Before the addition of section 52.021(e), chapter 52 prescribed one method by which a person could seek certification as a shorthand reporter. To be eligible for certification, an applicant was required to pass a two-part certification examination and pay a fee prescribed by the board. Id. §§ 52.022, 52.023. Part A of the examination tests proficiency in taking and transcribing dictation. Part B consists of objective questions testing knowledge of shorthand reporting, spelling, and grammar. Id. § 52.023. We note that residency is not a requirement for taking the Texas examination.
You ask about section 52.021(e), which was added by the 71st Legislature. The amendment provides:
 A person who has successfully completed a registered professional reporter's examination administered by the National Shorthand Reporters Association having standards and requirements equivalent to or more difficult than those prescribed by this chapter, who has made proper application for and successfully passed Part B of the certification examination administered by the Court Reporters Certification Board, and who has been actively engaged in the practice of shorthand reporting while maintaining continuous membership in the national association is entitled to be certified to the supreme court in the manner provided by Section 52.024.
S.B. 297, Acts 1989, 71st Leg., ch. 367, § 1, at 1456. In other words, the statute now provides a method for certain persons to become certified without having to complete Part A of the state examination. To qualify under the provision quoted above, a person must have (1) successfully completed a national test deemed by the board to be at least equal in difficulty to Part A of the state test; (2) passed Part B of the state test; and (3) been actively engaged in the practice of shorthand reporting while a member of the association administering the national examination.
Specifically, you ask whether this language provides an alternative method for Texas residents to obtain certification or whether the amendment applies only to out of state applicants who are seeking Texas certification through reciprocity. We read section 52.021(e) to provide an alternative method for seeking certification. We find nothing in the words of the amendment limiting its application to out of state residents. While it may be difficult for a Texas resident to satisfy the requirement of having been actively engaged in shorthand reporting as defined in the chapter, nothing in the language of the provision precludes the availability of this alternative to a Texas resident who satisfies its requirements.
You suggest that the amendment should be read as a reciprocity provision available only to out of state residents who apply for certification in Texas.[1] To support this interpretation, you rely primarily on the bill analysis and testimony concerning Senate Bill 297. The background information provided in the bill analysis states in part:
 There are several problems with the present statute relating to court reporters. First, almost half of the states provide for reciprocal certification of court reporters. This reciprocity gives court reporters a greater ability to relocate to other states, as it removes the need to take duplicative examinations. Texas does not, however, provide such reciprocity, creating a hardship for those court reporters who move to Texas and wish to practice their trade.
 There is no further mention of reciprocity in the bill analysis. Neither the Purpose portion nor the Section-By-Section portion of the bill analysis refers to the provision as a reciprocity provision or suggests that the amendment is limited to applicants from out of state. The Section-By-Section Analysis characterizes the addition of subsection (e) as entitling a person who completes the certification process to be certified to the supreme court. Nor does the fiscal note that was prepared by the Legislative Budget Board on this bill suggest such a limitation.
We are aware of the remarks made by the sponsor of the bill and of a witness who testified in favor of the bill when it was presented in the Senate Jurisprudence Committee. Senator Caperton, the bill's sponsor, stated that the purpose of the amendment was to allow "reciprocity between court reporters in Texas and other states." A witness representing the Texas Shorthand Reporters Association testified in pertinent part:
The main reason we wanted the reciprocity portion of this bill was to enable reporters coming from out of state that had passed a national test . . . to be able to practice in Texas without being penalized until the next . . . examination rolled around.
We do not disagree with these comments, but neither do we construe them as exhaustive or determinative. Neither the sponsor nor the witness testified that qualified Texas residents were excluded from the application of the amendment. More importantly, we do not believe that the plain language of this statute is overcome by this inconclusive legislative history. Had the legislature intended to limit the availability of this alternative certification method to out of state residents, it could easily have done so.[2] In our opinion, the alternative method of certification provided by section 52.021(e) is available to all qualified applicants, regardless of their residence.
 SUMMARY
The application of section 52.021(e) of the Government Code is not limited to out of state applicants for certification as shorthand reporters.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Karen C. Gladney Assistant Attorney General
[1] A reciprocity provision is generally applicable to persons who are licensed by another jurisdiction. Licensing under section 52.021(e) does not depend on the applicant's having a license from another jurisdiction.
[2] See, e.g., Ins. Code art. 21.07-4, § 4 (reciprocity provision for out of state insurance claims adjusters).